IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOWARD HOFELICH, | ) | Civ. No. 11-00034 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT AGAINST |
| STATE OF HAWAII, et al., | ) | GENTRY'S KONA MARINA, INC. |
| | ) | AKA G.K.M. INC., GARY |
| Defendants. | ) | LAMBERT, NORMAN GENTRY, |
| | ) | (STOCKHOLDERS), CARL |
| | ) | VINCENTI, BERNADETTE |
| | ) | CHOCK, AND OCEAN |
| | ) | CONCEPTS SCUBA LLC BE |
| _____ | ) | DENIED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST GENTRY'S KONA MARINA, INC. AKA
G.K.M. INC., GARY LAMBERT, NORMAN GENTRY, (STOCKHOLDERS),
CARL VINCENTI, BERNADETTE CHOCK, AND
OCEAN CONCEPTS SCUBA LLC BE DENIED

Before the Court is Plaintiff Howard Hofelich's Motion For Default

Judgment Against Gentry's Kona Marina, Inc. aka G.K.M. Inc., Gary Lambert,

Norman Gentry, (Stockholders), Carl Vincenti, Bernadette Chock, and Ocean

Concepts Scuba LLC (Doc. 51). Plaintiff contends that the foregoing Defendants

"have failed to answer the summons within 21 days as required by this District

Court." Plaintiff therefore seeks default judgment against them. After careful

consideration of the Motion, the Court finds and recommends that Plaintiff's

Motion be DENIED.[1]

Plaintiff has filed several motions for default judgment in this case.

However, Plaintiff has not sought entry of default from the Clerk of Court prior to

filing these motions. Plaintiff's failure to seek entry of default requires that this

Court find and recommend that the instant motion be denied.

Federal Rules of Civil Procedure 55 governs the entry of default by

the clerk and the subsequent entry of default judgment by either the clerk or the

district court. In pertinent part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a
> judgment for affirmative relief is sought has failed to
> plead or otherwise defend, and that failure is shown by
> affidavit or otherwise, the clerk must enter the party's
> default.
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a
> sum certain or a sum that can be made certain by
> computation, the clerk – on the plaintiff's request, with
> an affidavit showing the amount due – must enter
> judgment for that amount and costs against a defendant
> who has been defaulted for not appearing and who is
> neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must
> apply to the court for a default judgment . . . .

---

[1] Pursuant to Local Rule 7.2(d), the Court elects to decide this matter without a hearing.

The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'").

In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered. See e.g., Marty v. Green, No. 2:10-CV-01823 KJM KJN PS, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); Norman v. Small, No. 09-CV-2233 WQH NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default"); Bach v. Mason, 1901 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court

to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

In this case, Plaintiff has not sought entry of default against any Defendant in this case, and the Clerk of Court has not entered default against any Defendant in this case. Therefore, Plaintiff has not complied with the requirements of Rule 55. Without first obtaining an entry of default against the Defendants named in the present Motion, Plaintiff's Motion for Default Judgment is improperly before this Court. See Bach, 190 F.R.D. at 574. The Court therefore finds and recommends that Plaintiff's Motion be DENIED.

DATED: Honolulu, Hawaii, April 14, 2011.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 14, 2011

Hofelich v. State of Hawaii, et al., Civ. No. 11-00034 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST GENTRY'S KONA MARINA, INC. AKA G.K.M. INC., GARY LAMBERT, NORMAN GENTRY, (STOCKHOLDERS), CARL VINCENTI, BERNADETTE CHOCK, AND OCEAN CONCEPTS SCUBA LLC BE DENIED.