IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOWARD HOFELICH | ) | CV NO 11-00034 DAE BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, STATE OF | ) | |
| CALIFORNIA; STATE OF | ) | |
| ILLINOIS; UNITED STATES | ) | |
| COAST GUARD VESSEL | ) | |
| DOCUMENTATION CENTER; | ) | |
| STATE OF HAWAII | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY; HAWAII SHERIFF'S | ) | |
| DEPARTMENT; RONALD | ) | |
| IBARRA; ELIZABETH STRANCE; | ) | |
| ROBERT HOFELICH; | ) | |
| BERNADETTE CHOCK; STEVE | ) | |
| WHITTAKER; DAVID KAAPU; | ) | |
| CARL VINCENTI; OCEAN | ) | |
| CONCEPTS SCUBA, LLC; JACKS | ) | |
| DIVING LOCKER, INC.; | ) | |
| PROFESSIONAL ASSN OF | ) | |
| DIVING INSTRUCTORS, INC. | ) | |
| AKA "PADI"; SCUBA DIVING | ) | |
| INTERNATIONAL, INC. (SDI); | ) | |
| GENTRYS KONA MARINA, INC.; | ) | |
| HAWAII DEPARTMENT OF | ) | |
| LAND AND NATURAL | ) | |
| RESOURCES; ERIC MORTON; | ) | |
| M.C. RICK NORTON; DENNIS | ) | |
| KRUEGER; STEPHEN | ) | |
| WHITTAKER; DAVID LACY; | ) | |
| DAVID KAAPU; MARK | ) | |
| MCSHANE; JAMES | ) | |

PROPOTNICK; JODIE MAESAKA-      )
HIRATA; HYDRO-TEST, INC.,       )
TOM SAUTA; UNIVERSAL            )
MEDICAL MANAGEMENT, LCC;        )
AMERICARE FINANCIAL LEGAL       )
LIEN LLC; DOE LIMITED           )
LIABILITY CORPORATIONS;         )
CLARK COMMERCIAL REALTY         )
INC.; GREGORY ODIN;             )
GOVERNMENTAL ENTITIES           )
1–10; JOHN DOE ENTITIES 1–10;   )
JANE DOE ENTITIES 1–10;         )
CORPORATION ENTITIES 1–5;       )
TRUST ENTITIES 1–2,             )
                                )
                 Defendants.    )
_____ )

AMENDED
ORDER: (1) GRANTING STATE OF HAWAII DEFENDANTS' MOTION TO
DISMISS; (2) GRANTING MORTON'S MOTION TO DISMISS; (3)
GRANTING NORTON'S MOTION TO DISMISS; (4) GRANTING IBARRA
AND STRANCE'S MOTION TO DISMISS; (5) GRANTING KRUEGER'S
MOTION FOR JOINDER REGARDING STATE OF HAWAII DEFENDANTS'
MOTION TO DISMISS; (6) GRANTING WHITTAKER'S MOTION FOR
JOINDER REGARDING STATE OF HAWAII DEFENDANTS' MOTION TO
DISMISS; (7) GRANTING USCG'S MOTION TO DISMISS; (8) DENYING AS
MOOT GKM'S MOTION TO QUASH SERVICE AND DISMISS COMPLAINT;
(9) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD JOHN DOE &
DOE CORPORATION ENTITIES TO COMPLAINT; (10) DENYING AS MOOT
STATE OF ILLINOIS' MOTION TO DISMISS; (11) DENYING AS MOOT
STATE OF CALIFORNIA'S MOTION TO DISMISS; (12) DENYING AS
MOOT PLAINTIFF'S MOTION FOR PROTECTION BY LIS PENDENS
AGAINST GKM; AND (13) DISMISSING PLAINTIFF'S
<u>COMPLAINT WITHOUT LEAVE TO AMEND</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Defendants' motions and the supporting and opposing memoranda, the Court GRANTS State of Hawaii Defendants' Motion to Dismiss (Doc. # 15), GRANTS Morton's Motion to Dismiss (Doc. # 18), GRANTS Norton's Motion to Dismiss (Doc. # 24), GRANTS Ibarra and Strance's Motion to Dismiss (Doc. # 29), GRANTS Krueger's Motion for Joinder regarding State of Hawaii Defendants' Motion to Dismiss (Doc. # 30), GRANTS Whittaker's Motion for Joinder regarding State of Hawaii Defendants' Motion to Dismiss (Doc. # 31), GRANTS USCG's Motion to Dismiss (Doc. # 34), and DENIES AS MOOT GKM's Motion to Quash Service and Dismiss Complaint (Doc. # 53).  Additionally, the Court DISMISSES Plaintiff's Complaint without leave to amend.  For this reason, the Court also DENIES AS MOOT Plaintiff's Motion to Add John Doe & Doe Corporation Entities to Complaint (Doc. # 59), DENIES AS MOOT State of Illinois's Motion to Dismiss (Doc. # 72), DENIES AS MOOT State of California's Motion to Dismiss (Doc. # 86), and DENIES AS MOOT Plaintiff's Motion for Protection by Lis Pendens Against GKM (Doc. # 92).

BACKGROUND

On January 18, 2011, Plaintiff Howard Hofelich ("Plaintiff"), proceeding pro se, filed a lengthy and confusing Complaint against the thirty-one named defendants and various doe persons and entities listed in the caption (collectively, "Defendants").  ("Compl.," Doc. # 1.)  Plaintiff's Complaint asserts claims for fraud and misrepresentation; violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); violation of the Servicemembers Civil Relief Act; mail fraud and wire fraud; violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution; malicious prosecution; and various other incognizable causes of action.  (See Compl.)

Plaintiff's claims appear to arise out of a judgment entered against him in California state court and enforced in Hawaii state court.  Plaintiff alleges the action in California state court was "concocted" and "malicious" and a "kangaroo court proceeding built in false representation (claims), suppression of exculpatory evidence, false and unlawful jurisdiction, [and] false and unlawful venue/forum . . . ."  (Compl. at 13.)  He further alleges that the suit was brought against a fictitious person "Robert Hofelich," who is actually his brother and not Plaintiff himself.  (Id.)  Plaintiff then states that, as a result of the judgment resulting from the California state court action, his property was unlawfully seized

4

in February 1999 while he was on active duty and sold via a "mock" auction.  (Id. at 16.)  Plaintiff claims that he is currently living in Hawaii in order to recover his unlawfully seized property from the United States Coast Guard, and upon return of his property, plans to return to the State of Illinois.  (Id.)

Plaintiff has filed a string of lawsuits in an attempt to recover his property and receive millions of dollars in damages as a result of the state court actions.  The briefing filed in this case, as well as independent research conducted by the Court, reveals that Plaintiff has previously filed similar lawsuits in the Southern District of California and in state and federal court in Illinois where Plaintiff is a resident.  Plaintiff has also filed two prior lawsuits in this Court in Hawaii.  The first prior Hawaii federal case was Plaintiff's lawsuit filed on September 24, 2007, Hofelich v. State of Hawaii et al., CV. No. 07-00489 SOM-KSC ("Hawaii Federal Action 1").  The second Hawaii federal case was Plaintiff's lawsuit filed on January 29, 2009, Hofelich v. United States, et al., CV. No. 08-00550 DAE-KSC ("Hawaii Federal Action 2").  Both cases alleged the same set of facts as in this case, with slightly varying defendants and causes of action.

In Hawaii Federal Action 1, Plaintiff attempted to appeal decisions by California and Hawaii state courts.  Hofelich v. Hawaii, Civil No. 07-00489, 2007

5

WL 4372805, at *1 (D. Haw. Dec. 31, 2007).  Judge Mollway construed Plaintiff's

confusing complaint in that case as follows:

> a judgment was entered against Hofelich for $83,730.77 after a jury trial in California and that judgment was enforced in the Circuit Court of the Third Circuit, State of Hawaii.
>
> A Hawaii sheriff was apparently directed to levy upon Hofelich's property and to sell that property at public auction.  On or about February 26, 1999, a State of Hawaii sheriff seized Hofelich's property pursuant to the Hawaii State Court's order.
>
> Hofelich says that the sheriff abandoned the seized property, allowing it to be looted.  Hofelich alleges that he was unable to do anything about the looting because he was, at the time, deployed on a military submarine.
>
> The sheriff says that the property was sold on August 24, 2000, for a total of $91,000.00.  Hofelich says this was a "mock" auction and that Judge Ronald Ibarra deliberately prevented the public from bidding on the property and conspired to steal all of Hofelich's property through that sale.
>
> Hofelich's Complaint states that he "intends to demand judicial recovery of his titled property unlawfully seized and spirited away . . . .

Id. (citations to the record omitted).

Judge Mollway dismissed Plaintiff's claims based upon the Rooker-

Feldman doctrine because the claims were essentially appeals of the state court

decisions.  Id. at *3–5.  Judge Mollway also found that claims against the State

were barred by the Eleventh Amendment.  Id. at *6–7.  Judge Mollway found that

Plaintiff may have a viable claim, however, and granted Plaintiff leave to amend

his complaint.  Judge Mollway instructed Plaintiff that he "may not reassert claims

6

arguing that entry of any California or Hawaii judgment, order, or writ was improper." Id. at *1.  Plaintiff filed an amended complaint, which was then dismissed because he merely re-asserted his previous claims.  Plaintiff appealed, and Judge Mollway's decisions were affirmed by the Ninth Circuit.  See Isabelle McGarry Trust, of March 19, 1971 v. Hawaii, No. 08-15397, 2008 Wl 3861877 (9th Cir. Aug. 11, 2008).

Plaintiff then brought Hawaii Federal Action 2, alleging similar claims arising out of the same set of facts.  The defendants in Hawaii Federal Action 2 moved to dismiss Plaintiff's case and this Court issued an Order Granting United States' Motion to Dismiss; Granting State of Hawaii's Motion to Dismiss; and Denying Plaintiff's Motions of Demurrer as Moot.  Hofelich v. United States., Civil No., 08-00550, 2009 WL 1320917 (D. Haw., May 6, 2009). Specifically, this Court held that the Eleventh Amendment barred claims against the state defendants, sovereign immunity barred claims against the federal defendants, and the Rooker-Feldman doctrine barred Plaintiff from de facto appealing the state court judgments in federal court.  Id. at *3–4.  Additionally, this Court found that although Plaintiff was proceeding pro se, leave to amend the Complaint would be futile, and ordered the Clerk of Court to enter judgment in favor of Defendants.  Id. at *5.  Plaintiff appealed, and this Court's decision was

7

affirmed by the Ninth Circuit.  See Hofelich, d.b.a. H. Isabelle McGarry Trust v. U.S. Internal Revenue Service, et. al, No. 09-16029 (9th Cir. Oct. 22, 2009).

Plaintiff then brought the instant suit.  On February 14, 2011, Defendants State of Hawaii, Hawaii Department of Land and Natural Resources, and State of Hawaii Department of Public Safety (collectively, "State of Hawaii Defendants") filed a Motion to Dismiss Complaint ("State of Hawaii Defendants' Motion to Dismiss").  (Doc. # 15.)  On February 22, 2011, Defendant Eric Morton ("Morton") filed a Motion to Dismiss ("Morton's Motion to Dismiss") (Doc. # 18) and a Declaration in Support of his Motion (Doc. # 19).  On February 23, 2011, Defendant M.C. Rick Norton ("Norton") filed a Motion to Dismiss for Failure to State a Cause of Action and a Memorandum in Support of his Motion ("Norton's Motion to Dismiss") (Docs. ##  24–25), and a Declaration in Support of his Motion (Doc. # 26).

On February 23, 2011, Plaintiff filed an Opposition regarding State of Hawaii Defendants' Motion to Dismiss.  (Doc. # 21.)  On the same date, Plaintiff also filed an Opposition regarding Morton's Motion to Dismiss.  (Doc. # 22.)

On February 25, 2011, Defendants Ronald Ibarra ("Ibarra") and Elizabeth Strance ("Strance") filed a Motion to Dismiss ("Ibarra and Strance's

8

Motion to Dismiss").  (Doc. # 29.)  On the same day, Defendant Dennis Krueger ("Krueger") filed a Motion for Joinder Regarding State of Hawaii Defendants' Motion ("Krueger's Motion for Joinder").  (Doc. # 30.)  On March 2, 2011, Defendant Stephen Whittaker ("Whittaker") filed a Motion for Joinder Regarding State of Hawaii Defendants' Motion ("Whittaker's Motion for Joinder").  (Doc. # 31.)  On March 14, 2011, Defendant United States Coast Guard Vessel Documentation Center ("USCG") filed a Motion to Dismiss ("USCG's Motion to Dismiss").  (Doc. # 34.)

On March 21, 2011, Plaintiff filed Evidentiary Exhibits A–C in Support of Plaintiff's Opposition to State of Hawaii Defendants' Motion to Dismiss; Counter-Motion to Strike; Counter-Motion to Return Vessel.  (Doc. # 38).  On March 30, 2011, Plaintiff filed a Memorandum in Support of his Opposition to State of Hawaii Defendants' Motion to Dismiss, Morton's Motion to Dismiss, Norton's Motion to Dismiss, Krueger's Motion for Joinder, and Whittaker's Motion for Joinder.  (Doc. # 47.)  On April 5, 2011, Plaintiff filed a Memorandum in Support of his Opposition to State of Hawaii Defendants'

Motion to Dismiss and in further support of his previous oppositions.  (Doc. # 48.)[1]

On April 7, 2011, Defendant Gentrys Kona Marina ("GKM") filed a Motion to Quash Service and Dismiss Complaint ("GKM's Motion to Quash Service").  (Doc. # 53.)

On April 11, 2011, State of Hawaii Defendants filed a Reply in support of their Motion to Dismiss.  (Doc. # 54.)

On April 21, 2011, Plaintiff filed a Memorandum in Support of his Opposition regarding USCG's Motion to Dismiss.  (Doc. # 65.)

<u>STANDARD OF REVIEW</u>

I.      <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.

---

[1] The Court notes that Plaintiff has filed numerous oppositions to the same motions, and voluminous exhibits in support of his many oppositions.  Local Rule 7.4 allows for only one opposition memorandum to a motion, and one reply memorandum in support of a motion.  Moreover, at no point in the instant proceedings did Plaintiff seek permission from the Court to file additional opposition documents.  Although the pleadings of <u>pro se</u> litigants are construed liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants," <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), thus the Court disregards any of Plaintiff's subsequent oppositions beyond the first opposition in response to a motion.

In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir. 2009); <u>Rattlesnake Coalition v. U.S. E.P.A.</u>, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).  "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'"  <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978)).  Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  <u>Id.</u>  By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  <u>Id.</u>

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true.  <u>Mason v. Arizona</u>, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003); <u>see also</u> <u>Savage v. Glendale Union High School</u>, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Unlike a Rule 12(b)(6) motion, however, the court will not

reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815.  When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction.  Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Comtys. for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001)).

II.     Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

ranted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

## DISCUSSION

Plaintiff's Complaint states the following causes of action: (Count 1)

Fraud and Misrepresentation; (Count 2) Racketeering (RICO); (Count 3)

Servicemembers Civil Relief Act; (Count 4) Violation of 18 U.S.C. § 1341

(Fraud)[2]; (Count 5) Violation of Title 18 § 1342 Against State of Hawaii and State

of California.  Plaintiff additionally states various violations including mail fraud,

wire fraud, malicious prosecution, and violations of the Fourth, Fifth, Eight, and

Fourteenth Amendments of the U.S. Constitution.

---

[2] The Court notes that Plaintiff's Complaint fails to label this claim as a separate count.  However, the first paragraph of this cause of action states "[p]aragraphs 1–67 incorporated herein by reference as though set forth in full," which mirrors the beginning of Plaintiff's other counts.  Thus, for the sake of continuity, the Court construes this claim as Count 4.

14

State of Hawaii Defendants move to dismiss Plaintiff's Complaint against them on the basis of Eleventh Amendment immunity, and that Plaintiff's Complaint fails to state a claim.  Morton and Norton move to dismiss Plaintiff's Complaint on the basis that Plaintiff fails to state a valid claim or cause of action. Ibarra and Strance move to dismiss Plaintiff's Complaint on the bases of judicial and Eleventh Amendment immunity, and by arguing that this Court lacks jurisdiction over the instant action pursuant to the Rooker-Feldman doctrine. USCG moves to dismiss Plaintiff's Complaint on the basis of sovereign immunity and that Plaintiff fails to state a valid claim.  The Court will address these arguments in turn.

I.     Rooker-Feldman Doctrine

Plaintiff's Complaint appears to seek a judgment by this Court invalidating two separate judgments by the State of California and State of Hawaii. In other words, Plaintiff is attempting to appeal state court judgments in this Court. As a general matter, this Court may not exercise appellate jurisdiction over state court decisions.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Wolfe v. George, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The Rooker-Feldman doctrine generally bars federal district courts 'from exercising subject matter

15

jurisdiction over a suit that is a de facto appeal from a state court judgment.'"

(quoting Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004)).  This

rule, commonly known as the Rooker-Feldman doctrine, provides that:

> a losing party in state court is barred from seeking what in substance
> would be appellate review of the state judgment in a United States
> District Court, based on the losing party's claim that the state
> judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v.

DeGrandy, 512 U.S. 997, 1005 (1994)).

"The Rooker-Feldman doctrine . . . is confined to . . . cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review

and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus.

Corp., 544 U.S. 280, 284 (2005).  It divests federal district courts of jurisdiction to

conduct a direct review of state court judgments even when a federal question is

presented.  Allah v. Superior Ct. of State of Cal., 871 F.2d 887, 891 (9th Cir.

1989); Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts,

as courts of original jurisdiction, may not serve as appellate tribunals to review

errors allegedly committed by state courts").  Jurisdiction is lacking even if the

state court decision is challenged as unconstitutional.  Feldman, 460 U.S. at 486;

16

Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.  This is true even when the challenge to a state court decision involves federal constitutional issues." (citations omitted)).

The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case.  See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).  The distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make.  If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision, which this court may not do.  Id.

In the instant case, Plaintiff seeks, in essence, a reversal of a California State court's judgment and a Hawaii State court's enforcement of that judgment. Specifically, Plaintiff's Complaint prays for monetary relief from the State of California and State of Hawaii, and the return of his vessel which was sold in furtherance of the state court judgments.  Although Plaintiff raises federal and

17

constitutional issues in his Complaint, he is clearly asking this court to sit as an

appellate court for the state-court decisions.  This court lacks subject matter to do

so.

> A.      Count 1: Fraud and Misrepresentation

In Count 1 of the Complaint, Plaintiff asserts that each defendant

committed fraud in violation of 42 U.S.C. § 1988 and 18 U.S.C. §§ 1341–1343[3].

(Compl. at 40.)  Moreover, he appears to assert that California unlawfully exercised

jurisdiction over him in the California state court suit, and that agents of California

and Hawaii failed to perform due diligence in ensuring that the parties to the state

court actions "were entitled to forum and venue by use of legal name and legal

address . . . ."  (Id. at 41.)  This is exactly the type of claim that the Rooker-Feldman

doctrine bars, as the claim seeks to have this court review the

---

[3] Plaintiff's Complaint asserts violations of 18 U.S.C. §§ 1341–1343, including wire fraud and mail fraud, which are federal crimes.  A civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Plaintiff cannot pursue criminal charges against Defendants because such charges may not be pursued in a civil action.  Id. Whether to prosecute and what criminal charges to file are decisions to be made by the prosecutor, and the conduct of criminal prosecution is an executive function within the exclusive scope of the Attorney General.  See United States v. Batchelder, 442 U.S. 114, 124, (1979).

California and Hawaii court decisions.  See, e.g., MacKay v. Pfeil, 827 F.2d 540, 545 (9th Cir. 1987).

Although Plaintiff brings forth this claim under an overarching allegation of fraud, this court lacks jurisdiction over such fraud claims.  Exercising jurisdiction over such claims would be tantamount to exercising jurisdiction over an appeal of the state-court decisions, as those claims are "inextricably intertwined" with the merits of the state-court proceedings such that this court cannot resolve the fraud claims without calling into question the state-court decisions.  See Napolitano, 252 F.3d 1026, 1029;  Dickerson v. Bates, 287 F. Supp. 2d 1251, 1255 (D. Kan. 2003) ("even where, as here, the plaintiff does not expressly seek to overturn the state court judgment, but complains instead about the procedures used to obtain that judgment, it is impossible for the federal court to resolve such claims without calling into question the state court judgment and violating Rooker-Feldman. Clearly, this court cannot resolve plaintiff's claim that the garnishment order was obtained through fraud without essentially reviewing the order itself." (citation omitted)), aff'd 104 Fed. Appx. 699 (10th Cir. 2004).

For the aforementioned reasons, Count 1 of Plaintiff's Complaint is barred by the Rooker-Feldman doctrine.

19

B.      Count 2: RICO

Count 2 of Plaintiff's Complaint asserts a violation of RICO pursuant to 18 U.S.C. § 1964 against all Defendants.  (Compl. at 42.)  Plaintiff argues that California unlawfully used its long-arm statute and improperly enforced a lease against him in favor of a fictitious entity.  (Id.)  He further alleges that the California Superior Court "deliberately tampered with the jury exhibit book, excluding exculpatory evidence," and that the jury exhibit book disappeared after trial and was unavailable on appeal, "thereby ensuring a false poisonous judgment . . . ."  (Id. at 43.)  Finally, Plaintiff argues that states, state officials, and judges should be held liable for "claiming and engaging in unlawful rogue authority by false jurisdiction or false venue, a broad and over abuse of [j]udicial powers, a failure by over neglect of due diligence, due process, and avoidance of providing equal protection of the law . . . ."  (Id. at 46.)

Count 2 is also barred by the Rooker-Feldman doctrine.  This Court cannot adjudicate the RICO claims asserted in Count 2 without questioning the validity of the underlying state-court judgments and orders.  See Dickerson, F. Supp. 2d at 1255 (barring RICO claim under Rooker-Feldman doctrine).  In fact, Plaintiff himself recognizes that this claim is barred by the Rooker-Feldman doctrine.  See (Compl. at 46) (Plaintiff asks that Defendants not be allowed to

"escape" their constitutional and federal violations via a "backdoor judicial escape," the <u>Rooker-Feldman</u> doctrine.)  This court has no discretion to adjudicate claims barred by the <u>Rooker-Feldman</u> doctrine, thus Count 2 of Plaintiff's complaint is barred.  <u>Kougasian</u>,  359 F.3d at 1139.

Further, the Court independently notes that a review of the Complaint reveals that Plaintiff entirely fails to meet even the basic elements of a RICO claim. To prevail on a civil RICO claim, Plaintiff must prove that Defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) and, additionally, must establish that (5) Defendants caused injury to Plaintiff's business or property.  <u>See</u> <u>Chaset v. Fleer/Skybox Int'l, LP</u>, 300 F.3d 1083, 1086–87 (9th Cir. 2002); <u>Grimmet v. Brown</u>, 75 F. 3d 506, 510 (9th Cir. 1996); <u>see</u> <u>also</u> 18 U.S.C. §§ 1962(c), 1964(c).  Plaintiff's Complaint does not set forth any of the requisite elements for a civil RICO claim, thus Count 2 fails to state a claim.

C.    <u>Count 3: Servicemember Civil Relief Act</u>

Count 3 of Plaintiff's Complaint alleges violations of the Servicemembers Relief Act of 2003, 50 U.S.C. § 501–596.  (Compl. at 47.) Plaintiff argues that during the state court proceedings, Defendants maliciously and wilfully neglected federal law and violated the immunities and rights afforded to

plaintiff, an active duty serviceman, pursuant to the Servicemembers Relief Act. (Id.)  Plaintiff's Complaint subsequently copies and pastes a series of sections of the Servicemembers Relief Act, which he alleges were violated by the state court proceedings.  Each of the sections of the Act cited by Plaintiff pertains to rights Plaintiff could have asserted in the state court proceedings.  None of the sections of the Act cited by Plaintiff allows him to file the present action in federal court to undo the state court judgments.  Accordingly, the <u>Rooker-Feldman</u> doctrine also bars Count 3.

### D.   Count 4: Violation of 18 U.S.C. § 1341 (Fraud)

Count 4 of Plaintiff's Complaint alleges that Defendants committed fraud by perpetrating a scheme to use a non-existent and unregistered illegal "trust" entity, and that such "trust" was used to attain a judgment gained by unlawful jurisdiction and issued by fraudulent actions of the California state court.  Plaintiff again in Count 4 seeks to challenge the validity of the state court actions under the guise of a "fraud" cause of action.  For the reasons stated above regarding Count 1, Count 4 is also barred by the <u>Rooker-Feldman</u> doctrine.

E.     Count 5: Violation of 18 U.S.C. § 1342

Count 5 of Plaintiff's Complaint alleges that Defendants violated 18 U.S.C. § 1342[4] and conspired to fraudulently steal Plaintiff's business by using the proceeds from a "mock auction."  He further states that defendant Ibarra was negligent in his duties by allowing unlawful jurisdiction in the Hawaii state court action, and allowing a non-existent entity to gain forum and venue in Hawaii state court.  Plaintiff's allegations of unlawful jurisdiction and improper fraud and venue in the state court action are all barred by the Rooker-Feldman doctrine for the same reasons explained above.  Thus, Count 5 is barred by the Rooker-Feldman doctrine.

Accordingly, the Court GRANTS the motions to dismiss on the basis of the Rooker-Feldman doctrine.  Although not every Defendant has moved to dismiss Plaintiff's Complaint on those grounds, the Court nevertheless DISMISSES Plaintiff's complaint in its entirety as against all Defendants.

II.     Eleventh Amendment Immunity

State of Hawaii Defendants, Ibarra, and Strance all move to dismiss Plaintiff's Complaint against them by arguing that the Eleventh Amendment bars claims against a state or its agencies.  Although the Court has already dismissed

---

[4] As stated above, 18 U.S.C. § 1342 is a criminal statute which Plaintiff may not set forth in this civil action.

Plaintiff's Complaint in its entirety on the basis of the <u>Rooker-Feldman</u> doctrine, the Court also finds that Plaintiff's claims against the State are barred by Eleventh Amendment Immunity.

The Eleventh Amendment generally renders states immune from private damages claims or claims for injunctive relief brought in federal court. <u>Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.</u>, 616 F. 3d 963, 967 (9th Cir. 2010); <u>Stanley v. Trs. of Cal. State Univ.</u>, 433 F.3d 1129, 1133 (9th Cir. 2006); <u>Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County</u>, 343 F.3d 1036, 1040 (9th Cir. 2003).  This "sovereign immunity" bars private citizens from suing the state in federal court under either federal or state law claims.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984).

Thus, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"  <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy</u>, 506 U.S. 139, 144 (1993) (citations omitted); <u>In re Pegasus Gold Corp.</u>, 394 F.3d 1189, 1195 (9th Cir. 2005); <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir. 1995) ("[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies"); <u>Pennhurst</u>, 465 U.S. 89, 100 (1984) (the

Eleventh Amendment "jurisdictional bar applies regardless of the nature of the relief sought"); Puerto Rico Aqueduct, 506 U.S. at 144.

The State has not waived its immunity from suit in federal court for the types of claims being asserted by Plaintiff. None of Plaintiff's arguments indicate a wavier of immunity. Accordingly, the Court GRANTS State of Hawaii Defendants' Motion to Dismiss and Ibarra and Strance's Motion to Dismiss.

III.   Sovereign Immunity

The United States is also immune from suit unless it consents to waive sovereign immunity. Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Sherwood, 312 U.S. 584, 586 (1941). The doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities. Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).

Any waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Lane v. Pena, 518 U.S. 187, 192 (1996). Morever, "statutes waiving the sovereign immunity of the United States must be 'construed strictly in favor of the sovereign.'" Gasho v. United States, 39 F.3d 1420, 1433 (9th Cir. 1994). The party asserting federal subject matter jurisdiction bears the burden of demonstrating "the source of the substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for

the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983)

(citation and internal quotations omitted).  Absent a waiver of sovereign immunity,

dismissal is required for lack of subject matter jurisdiction over a claim against the

United States.  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

    In the instant case, Plaintiff has not established that the causes of

action he brings against the United States Government include a waiver or

sovereign immunity.  Indeed, Plaintiff has not alleged any basis that would allow

him to proceed with this action against USCG.  Accordingly, the Court GRANTS

USCG's Motion to Dismiss on the basis of sovereign immunity.

IV.   Judicial Immunity

    Defendants Ibarra and Strance move to dismiss Plaintiff's complaint

on the basis of absolute judicial immunity.  According to the Supreme Court, "Few

doctrines were more solidly established at common law than the immunity of judges

from liability for damages for acts committed within their judicial jurisdiction."

Pierson v. Ray, 386 U.S. 547, 553-4 (1967).  Judicial immunity "is an immunity

from suit, not just from the ultimate assessment of damage . . . [and] is not

overcome by allegations of bad faith or malice . . . ."  Mireless v. Waco, 502 U.S. 9,

11 (1991).  Accordingly, the Court GRANTS Ibarra and Strance's Motion to

Dismiss on the basis of judicial immunity.

26

V.      Federal Rule of Civil Procedure 8

        The Court also dismisses Plaintiff's Complaint on the basis that it fails

to meet the pleading standards required by Federal Rule of Civil Procedure 8.

Specifically, Plaintiff's claims found within Counts 1–5 as well as other claims

throughout the Complaint, including claims for malicious prosecution and

violations of the U.S. Constitution, fail to comply with Rule 8.

        Rule 8 mandates that a complaint include a "short and plain statement

of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple,

concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A district court may dismiss a

complaint for failure to comply with Rule 8 where it fails to provide the defendants

fair notice of the wrongs they have allegedly committed.  See McHenry, 84 F.3d at

1178–80 (affirming dismissal of complaint where "one cannot determine from the

complaint who is being sued, for what relief, and on what theory, with enough

detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d

1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where

"the complaint provide[d] fair notice of the wrongs allegedly committed by

defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule

8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a]

pleading that offers labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)

(citations and quotations omitted). "The propriety of dismissal for failure to comply

with Rule 8 does not depend on whether the complaint is wholly without merit."

<u>McHenry</u>, 84 F.3d at 1179.

  The court may "begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S.

Ct. at 1950. Legal conclusions must be supported by factual allegations. <u>Id.</u>

"When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to

relief." <u>Id.</u>

  Plaintiff's Complaint consists almost entirely of allegations that are

wholly conclusory and supported by vague, ambiguous, and incomprehensible

facts. For example, Plaintiff states that "[a] flawed judgment for a nonexistent and

illegal plaintiff and nonexistent defendants was executed specifically and

intentionally by all defendants across state lines (interstate fraud) with criminal

intent to defraud Plaintiff . . . [and in] violation of the 14th amendment by the denial

of due process and equal protection of the law, and the denial of 4th amendment

rights by the blatant exercise of theft of property by false judgment

(California) and unlawful seizure (Hawaii)." (Compl. at 11.)  Such a statement,

unsupported by factual allegations, is entirely conclusory and not entitled to any

relief.  Indeed, nowhere in Plaintiff's Complaint does he set forth a set of facts

leading the Court to conclude that Plaintiff is entitled to relief against any

Defendants.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss for

failure to state a claim, and DISMISSES Plaintiff's Complaint in its entirety.

VI.    Dismissal Without Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend]

when justice so requires."  Further, "requests for leave should be granted with

extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).

"Dismissal without leave to amend is improper unless it is clear . . . that the

complaint could not be saved by an amendment."  Id.  "However, 'liberality in

granting leave to amend is subject to several limitations.'"  Cafasso, U.S. ex rel. v.

Gen. Dynamics C4 Sys., --- F.3d ---, Nos. 09-16181, 09-16607, 09-17710, 2011

WL 1053366, at *7 (9th Cir. Mar. 24, 2011) (quoting Ascon Props., Inc. v. Mobil

Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Those limitations include undue

prejudice to the opposing party, bad faith by the movant, futility, and undue delay."

Id. (citing Ascon Props, 866 F.2d at 1160).   "Further, '[t]he district court's

discretion to deny leave to amend is particularly broad where plaintiff has

previously amended the complaint.'"   Id.   (quoting Ascon Props, 866 F.2d at 1160).

In the instant case, the Court declines to grant Plaintiff leave to amend

his Complaint for numerous reasons.   First, Plaintiff's action is dismissed without

leave to amend because his action is barred by the Rooker-Feldman doctrine, thus

amendment would be futile.   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)

(While the court ordinarily would permit a pro se plaintiff to amend, leave to amend

should not be granted where it appears amendment would be futile.)

Moreover, although this is Plaintiff's first complaint in the instant case,

it is actually Plaintiff's fourth complaint before this Court involving similar claims

and the same predicate set of facts.[5]   As mentioned above in the Background section

of this Order, Plaintiff previously filed Hawaii Federal Action 1 and Hawaii Federal

Action 2.   In Hawaii Federal Action 1, Plaintiff's original complaint was dismissed

with leave to amend.   On February 12, 2008, the Court dismissed Plaintiff's

amended complaint without leave to amend, stating that the amended

---

[5] The Court again notes that Plaintiff has also filed nearly identical suits in
federal courts in California and Illinois.

complaint "assert[ed] the same claims asserted in the original [c]omplaint," and that

the complaint "suffer[ed] from the same defects as the original [c]omplaint."

Hofelich v. Hawaii, Civil No. 07-00489, 2008 WL 375509, at *1 (D. Haw. Feb. 12,

2008).  Plaintiff's Complaint in Hawaii Federal Action 2, alleging similar claims

and based on the same set of facts as those in Hawaii Federal Action 1, was also

dismissed without leave to amend.  The claims and predicate facts in the instant

case are nearly identical to those in Hawaii Federal Action 1 and Hawaii Federal

Action 2, therefore the Court construes this Complaint as Plaintiff's fourth

complaint.   Accordingly, the Court, in its discretion, declines to provide Plaintiff

another opportunity to amend.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.

3d 522, 532 (9th Cir. 2008) (denying leave to amend because of "repeated failure to

cure deficiencies"); Cafasso, 2011 WL 1053366, at *7 ("[T]he district court's

discretion to deny leave to amend is particularly broad where plaintiff has

previously amended the complaint." (quotations and citations omitted))

        The Court additionally notes that Plaintiff's numerous and repeated

lawsuits against several defendants have caused an undue burden on them, and

allowing Plaintiff leave to amend would therefore be unduly prejudicial to those defendants.  Accordingly, Plaintiff is not granted leave to amend his Complaint.

## CONCLUSION

For the reasons stated above, the Court GRANTS State of Hawaii Defendants' Motion to Dismiss (Doc. # 15), GRANTS Morton's Motion to Dismiss (Doc. # 18), GRANTS Norton's Motion to Dismiss (Doc. # 24), GRANTS Ibarra and Strance's Motion to Dismiss (Doc. # 29), GRANTS Krueger's Motion for Joinder regarding State of Hawaii Defendants' Motion to Dismiss (Doc. # 30), GRANTS Whittaker's Motion for Joinder regarding State of Hawaii Defendants' Motion to Dismiss (Doc. # 31), GRANTS USCG's Motion to Dismiss (Doc. # 34), and DENIES AS MOOT GKM's Motion to Quash Service and Dismiss Complaint (Doc. # 53).  Additionally, the Court DISMISSES without leave to amend Plaintiff's Complaint.  For this reason, the Court also DENIES AS MOOT Plaintiff's Motion to Add John Doe & Doe Corporation Entities to Complaint (Doc. # 59), DENIES AS MOOT State of Illinois's Motion to Dismiss (Doc. # 72), DENIES AS MOOT State of California's Motion to Dismiss (Doc. # 86), and

DENIES AS MOOT Plaintiff's Motion for Protection by Lis Pendens Against

GKM (Doc. # 92).  The Clerk of the Court is hereby directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 25, 2011.



_____
David Alan Ezra
United States District Judge


Hofelich v. State of Hawaii, et al., Cv. No. 11-00034 DAE-BMK; AMENDED ORDER: (1) GRANTING STATE OF HAWAII DEFENDANTS' MOTION TO DISMISS; (2) GRANTING MORTON'S MOTION TO DISMISS; (3) GRANTING NORTON'S MOTION TO DISMISS; (4) GRANTING IBARRA AND STRANCE'S MOTION TO DISMISS; (5) GRANTING KRUEGER'S MOTION FOR JOINDER REGARDING STATE OF HAWAII DEFENDANTS' MOTION TO DISMISS; (6) GRANTING WHITTAKER'S MOTION FOR JOINDER REGARDING STATE OF HAWAII DEFENDANTS' MOTION TO DISMISS; (7) GRANTING USCG'S MOTION TO DISMISS; (8) DENYING AS MOOT GKM'S MOTION TO QUASH SERVICE AND DISMISS COMPLAINT; (9) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD JOHN DOE & DOE CORPORATION ENTITIES TO COMPLAINT; (10) DENYING AS MOOT STATE OF ILLINOIS' MOTION TO DISMISS; (11) DENYING AS MOOT STATE OF CALIFORNIA'S MOTION TO DISMISS; (12) DENYING AS MOOT PLAINTIFF'S MOTION FOR PROTECTION BY LIS PENDENS AGAINST GKM; AND (13) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND